

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,337-01

### EX PARTE MAURICE SPAIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 731290-A IN THE 339TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering or fabricating physical evidence and sentenced to twenty-five years' imprisonment. While on supervised release for this conviction, Applicant was convicted of possession with intent to deliver a controlled substance. He was sentenced to a concurrent term of ten years' imprisonment, and the supervised release for the tampering sentence was revoked.

Applicant argues that prison officials must release him to non-discretionary mandatory

supervision on the 25-year tampering sentence imposed in 1997. TDCJ has responded as follows: "[T]o be released to mandatory supervision, an offender must be eligible to be released on all offenses. [The tampering sentence] is eligible for 'mandatory supervision' and [the concurrent drug sentence] is eligible for 'discretionary mandatory supervision.' TDCJ calculates the projected mandatory supervision release date on the controlling mandatory supervision eligible offense, in this case [the tampering sentence]." The Board continues, "Applicant will be released to mandatory supervision on [the 25-year tampering sentence], when he is approved for either parole or discretionary mandatory supervision by the Board on [the 10-year drug sentence] or when he discharges [that drug sentence in flat time] on 07/15/2017."

We order that this application be filed and set for submission to examine the legality of the policy of not "releasing" a prisoner to mandatory supervision on one concurrent sentence until the prisoner is "eligible for release" on all concurrent sentences. The parties are invited to brief the issue. The Office of General Counsel of TDCJ is also invited to file a brief.

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing either the order appointing counsel or a statement that Applicant is not indigent. All briefs shall be filed with this Court within 90 days of the date of this order.


Filed: November 2, 2016
Do not publish